## COMMISSIONER OF INTERNAL REVENUE v. STANDARD LIFE INS. CO. OF AMERICA.

### No. 4324.

Circuit Court of Appeals, Third Circuit.

Feb. 11, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Randolph C. Shaw, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Walter W. Mahon and Stanley Suydam, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for petitioner.

Alex. J. Barron, of Pittsburgh, Pa. (Byron K. Elliott, of St. Louis, Mo., and Alter Wright & Barron, of Pittsburgh, Pa., of counsel), for respondent.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge.

This case concerns the opposing views of the Commissioner of Internal Revenue and the Board of Tax Appeals on the question whether, as stated in the opinion of the latter, the Standard Life Insurance Company "may include in its reserve funds" for the purpose of determining the deduction from gross income under section 245 (a) (5) of the Revenue Acts of 1921 (42 Stat. 261) and 1924, 26 USCA § 1004 (a) (5), its reserves or liabilities upon the coupon feature of the life insurance policies which it issues." This coupon feature is thus described in such opinion as follows:

"This policy is an ordinary life policy issued for an ordinary life premium payable throughout the life of the insured. An excess premium is charged, however, for additional policy benefits. This excess in the premium is represented by coupons attached to the policy equal in amount and payable to the policyholder on a given date annually, (1) To reduce the succeeding year's premium; (2) To purchase paid-up additions to the face of policy; (3) To reduce the number of premium payments; (4) Be left with the company to accumulate at interest at 3½ per cent. The policy also provides that if the coupons are permitted to remain with the company and accumulate they may be withdrawn at any time or in the event of death will be added to the principal sum payable under the policy. If the coupons are allowed to accumulate in accordance with either option (3) or (4), the policy becomes paid up at the end of twenty-five years and no further premium payments are required."

After an exhaustive discussion of the principles of insurance relative to reserves and the cases bearing thereon, the Tax Board held as follows: "We think, however, that the theory that the amount of the premium covered by the premium reduction coupon is simply a deposit of money with the insurance company is not the correct theory in the case. The policyholder has numerous options with respect to the amount represented by the premium reduction coupon. The insurance company is bound to hold an amount in reserve to meet all its obligations upon the policy. We think that in truth and in fact there can be no valid distinction between the amount reserved by the insurance company to meet its liability in respect of the particular premium represented by the premium reduction coupon and the balance of the premium. It is the unqualified testimony of the Actuary of the Pennsylvania Insurance Department that the amounts held by the petitioner to meet its liability in respect to the unsurrendered coupons, together with interest thereon, is a part of the reserve funds of the insurance company required by the laws of the Commonwealth of Pennsylvania. The amount thus reserved is, in our opinion, a part of the 'reserve funds' of the life insurance company within the meaning of section 245 (a) (2) of the Revenue Acts of 1921 [42 Stat. 261] and 1924 [26 USCA § 1004 (a) (2)]."

These excerpts outline in short form the question involved, and, after full argument and subsequent study of briefs and record, we find ourselves in accord with the conclusion reached by the Tax Board.

These coupon policies are in substance and in obligation the common form of life policies made more attractive to intended insurers, in that the substitution of a coupon for the ordinary yearly statement of accretions to the policy, whether the company chose to issue a coupon or gave a statement of amount, in no way lessened the obligation to ultimately and in some way pay such amount as part of the policy or keep in reserve a proper sum to ensure its payment.

So holding, we affirm the decision of the Tax Board.